UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT JAMES WATSON, | § | No. SA:13–CV–265–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| JOHN EDDIE FLORES and | § | |
| KRIS DESLATTE, | § | |
| | § | |
| Defendants. | § | |

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Before the Court is a Motion for Leave to File an Amended Complaint filed by Plaintiff Robert James Watson ("Plaintiff.") (Dkt. # 15.) Pursuant to Local Rule 7(h), the Court finds this matter suitable for disposition without a hearing. After reviewing the Motion, the Court **DENIES** Plaintiff's Motion for Leave to File an Amended Complaint. (Dkt. # 15.)

BACKGROUND[1]

Plaintiff alleges Defendant Kris Deslatte ("Deslatte"), an investigator for the Narcotics Division for the Guadalupe County Sheriff's Office under the

---

[1] Plaintiff filed his original complaint in this case on April 1, 2013. (Dkt. # 2.) On July 3, 2013, pursuant to an order issued by U.S. Magistrate Judge John W. Primomo, Plaintiff filed a supplemental complaint. (Dkt. # 7.) The Court here relies on factual allegations from both the original and the supplemental complaints.

1

supervision of Defendant John Eddie Flores ("Flores"), included false information in an affidavit for a warrant to search Plaintiff's residence. (Dkt. # 2 at 2–3.) Plaintiff claims that Deslatte stated he had received information from an unnamed, credible and reliable source that Plaintiff had been seen at Plaintiff's residence with a useable amount of cocaine within the past 48 hours; Plaintiff asserts that this information was false. (Id.) Deslatte's search warrant affidavit stated the following:

> Affiant was provided with information from a Credible and Reliable Source (that for safety reasons will remain unnamed). The Credible Source has provided Affiant information in the past over four (4) times and each time the Source provided information, this information has led to the seizure of illegal narcotics. This Credible Source is familiar with Cocaine by sight, because this Credible Source has purchased Cocaine for Affiant in the past while working as a Credible Source.
>
> Affiant received information from this Credible Source stating that the Credible Source had seen Robert James Watson use a usable amount of Cocaine within the past 48 hours at Watsons' residence of 2310 Sherman Street, in the City of Seguin, Guadalupe County, Texas. Robert Watsons' criminal history shows that Watson was convicted of delivery of Cocaine in the past.

(Dkt. # 8 at 5–6.)

Plaintiff claims that at the time Deslatte made the affidavit, he knew the "Credible Source," Melvin Bruns, was not in fact a credible source. (Dkt. # 2 at 3.) Plaintiff alleges that when Deslatte made the affidavit he knew Melvin Bruns "was an active criminal with a serious criminal background" and "was in

2

violation of his second confidential enformant in violation of the code of conduct [sic]." (Id.)  Specifically, Plaintiff claims that on the day before the search warrant was executed, Deslatte had lost contact with Bruns who, in violation of his contract as a confidential source, had become a "fugitive from justice."  (Dkt. # 7 at 4.)  Plaintiff also asserts that in the past, Bruns, while acting as a confidential informant, had violated the law by the commission of three forgery offenses, resulting in the termination of his contract as a confidential informant in April 2010.  (Id.)  Next, Plaintiff states that Bruns had various other run-ins with the law, including an arrest for evading arrest in a motor vehicle and an indictment in another forgery charge.  (Id.)  Plaintiff asserts that on April 5, 2011, Bruns entered into a second contract with the Guadalupe County Narcotics Division to work off the evading arrest and forgery charges.  (Id.)

Based on Deslatte's affidavit, the magistrate judge issued a search warrant authorizing Defendants to search Plaintiff's residence for a useable amount of cocaine and implements or instruments used in the commission of the offense of delivery of a controlled substance.  (Id. at 5.)  Plaintiff alleges that Deslatte and Flores (collectively, "Defendants") executed the warrant and Deslatte located a jewelry box in Plaintiff's home with a stain on it that tested positive for cocaine. (Dkt. # 2 at 3.)  According to Plaintiff, even though no cocaine was found and the warrant authorizing the search did not authorize his arrest, he was arrested on April

3

13, 2011 and booked into the Guadalupe County Jail for possession of less than a gram of cocaine and drug paraphernalia. (Dkt. # 7 at 6.) The Guadalupe County District Attorney declined to prosecute the case. (Id.)

The search warrant return obtained from the Guadalupe County Clerk reflects that the officers seized a trace amount of cocaine, a portable digital scale, and a marijuana pipe with marijuana residue from Plaintiff's residence. (Dkt. # 8 at 6.) The cocaine charge was dismissed, and Plaintiff was never prosecuted for possession of drug paraphernalia. (Id.) However, the Guadalupe County Clerk's records reflect that on August 15, 2011, Plaintiff was indicted for delivery of one to four grams of cocaine on or about April 12, 2011—one day prior to the execution of the search warrant. (Id.) After a jury trial in February 2012, Plaintiff was found guilty and subsequently sentenced as a repeat offender. (Id.) A report obtained from the Guadalupe County Narcotics Unit indicates that the charge arose from Plaintiff's delivery of cocaine to a confidential source at Plaintiff's residence on April 12, 2011. (Id.)

Plaintiff's complaint first alleges that Defendants subjected him to an unreasonable search and seizure because Deslatte "deliberately and recklessly included false information in an affidavit in support of a search warrant" and Flores approved Deslatte's actions, knowing the information was false. (Dkt. # 2 at 5.) Next, he asserts that Defendants subjected him to an unlawful arrest without

probable cause or an arrest warrant. (Id.) Finally, he contends that Defendants' actions caused him to be falsely imprisoned. (Id. at 6.)

On July 10, 2013, United States Magistrate Judge John W. Primomo recommended dismissing Plaintiff's complaint in a Memorandum and Recommendation. (Dkt. # 8.) On August 1, 2013, Plaintiff filed objections to the Memorandum. (Dkt. # 13.) On May 6, 2014, this Court overruled those objections, adopted Magistrate Judge Primomo's Memorandum and Recommendation, and dismissed Plaintiff's complaint without prejudice. (Dkt. # 14.) On June 25, 2014, Plaintiff filed the Motion for Leave to File an Amended Complaint (Dkt. # 15) that is now before this Court. On the same day, Plaintiff filed a Memorandum in Support of Motion for Leave to File Amended Complaint. (Dkt. # 16.)

## LEGAL STANDARD

The Fifth Circuit has explained that "when a district court dismisses the complaint, but does not terminate the action altogether, the plaintiff may amend under Rule 15(a) with permission of the district court." Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003) (citing Whitaker v. City of Hous., 963 F.2d 831, 835 (5th Cir. 1992)). "A district court's dismissal of the complaint constitutes dismissal of the action when it states or clearly indicates that no

amendment is possible—e.g., when the complaint is dismissed with prejudice or with express denial of leave to amend." Whitaker, 963 F.3d at 835.

Rule 15(a) of the Federal Rules of Civil Procedure provides that courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Following the Supreme Court's guidance, the Fifth Circuit uses five factors in determining whether to grant a party leave to amend a complaint: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment. Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

An amendment is futile if it could not survive a motion to dismiss. Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P., 620 F.3d 465, 468 (5th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## DISCUSSION

As a preliminary matter, because the Court's Order Adopting Magistrate Judge's Memorandum and Recommendation and Dismissing Plaintiff's Complaint (Dkt. # 14) dismissed Plaintiff's complaint without prejudice, the Court

may consider Plaintiff's Motion for Leave to File an Amended Complaint under Rule 15(a).  See Whitaker, 963 F.3d at 835.

Plaintiff's Memorandum in Support of Motion for Leave to File an Amended Complaint (Dkt. # 16) is largely duplicative of Plaintiff's previous arguments, which were ruled on in this Court's Order Adopting Magistrate Judge's Memorandum and Recommendation, and the Court will not re-address those arguments here.  Plaintiff seeks to amend his complaint to add the following new allegations: (1) Deslatte's affidavit did not state the circumstances under which Bruns allegedly saw the useable amount of cocaine in Plaintiff's residence; (2) Deslatte's affidavit does not allege that any ongoing criminal activity was occurring at Plaintiff's residence; (3) Plaintiff was not at home when Defendants executed the search warrant; (4) Defendants were not authorized to seize the jewelry box; and (5) Defendants placed Plaintiff under arrest without conducting an investigation as to the true owner of the jewelry box.  (Dkt. # 15 at 3–5.)

I.  Circumstances Under Which Bruns Saw a Useable Amount of Cocaine at Plaintiff's Residence

Plaintiff first seeks to amend his complaint to include the assertion that Deslatte's affidavit lacked detail regarding the circumstances under which Bruns had seen the useable amount of cocaine at Plaintiff's residence within the last 48 hours.  (Id. at 3.)  Specifically, Plaintiff suggests the affidavit should have included information regarding whether Plaintiff had used the cocaine himself, or

whether he had bought or sold it.  (Id.)  In other words, Plaintiff appears to argue that the affidavit did not provide enough evidence to provide probable cause to support the issuance of a search warrant.

The affidavit in this case is nearly identical to the affidavit at issue in United States v. McKnight, 953 F.3d 898 (5th Cir. 1992).  In McKnight, the affidavit stated (1) the confidential informant had seen drugs at the defendant's house in the past 72 hours; and (2) the confidential informant was known to be reliable and had furnished information in the past that had been proved to be reliable and true.  953 F.3d at 904–05.  There, the Fifth Circuit found that "probable cause is at the very least most likely supplied by this affidavit."  Id. at 905.  The court further found that "the affidavit and resulting warrant clearly qualify for the good-faith exception to the probable cause requirement."  Id.  The court concluded, "it is impossible to argue that the warrant was facially invalid and that an officer's reliance on it could be unreasonable."  Id.; see also United States v. Gallegos, 239 F. App'x. 890, 894 (5th Cir. 2007) (relying on McKnight to hold that the good faith exception applied to another virtually identical affidavit and the resulting warrant and search).

Because the Defendants would be able to rely on the good faith exception to the probable cause requirement, Plaintiff's argument regarding lack of

8

probable cause would not survive a motion to dismiss. The Court thus finds that allowing Plaintiff to amend his complaint to include this argument would be futile.

## II.     Lack of Allegations Regarding Ongoing Criminal Activity

Next, Plaintiff seeks to amend his complaint to include the assertion that Deslatte's affidavit "does not allege that any ongoing criminal activity was occurring at [Plaintiff's] residence to show [Plaintiff] would likely be in possession of cocaine two days after the alleged source saw plaintiff with the useable amount." (Dkt. # 15 at 4.) The Court construes this as another iteration of Plaintiff's argument that the affidavit did not provide probable cause to support the issuance of a search warrant. However, as discussed above, Fifth Circuit law clearly provides that this affidavit and warrant qualify for the good-faith exception to the probable cause requirement. Under McKnight, Plaintiff cannot prevail on the argument that the warrant and the resulting search were invalid. The Court therefore finds that granting Plaintiff leave to amend his complaint to include this argument would be futile.

## III.    Plaintiff's Absence During Execution of Search Warrant

Third, Plaintiff seeks to amend his complaint to include the fact that he was not present at his residence when Defendants executed the search warrant. (Dkt. # 15 at 4.) However, there is no requirement that the owner or occupant of a property be present when the property is searched, and police officers may enter

the premises to execute a search warrant in the owner or occupant's absence. Payne v. United States, 508 F.2d 1391, 1394 (5th Cir. 1975); United States v. Woods, 416 F. Supp. 2d 489, 496 (N.D. Miss. 2006). Plaintiff's assertion that he was not present when Defendants entered his residence does not call into question the validity or legality of the search. Therefore, the Court finds that allowing Plaintiff leave to amend his complaint to include this claim would be futile.

IV. Authorization to Seize Jewelry Box

Fourth, Plaintiff seeks leave to amend his complaint to include the allegation that Defendants were not authorized to seize the jewelry box containing traces of cocaine. (Dkt. # 15 at 5.) Plaintiff states the jewelry box should not have been seized because it was not an implement or instrument used in the commission of drug-related offenses. (Id.) Plaintiff also claims that Deslatte had no reason to believe the box contained cocaine. (Id.) The Court construes these allegations to mean Plaintiff believes the box was not covered by the search warrant, or that he had a reasonable expectation of privacy in the jewelry box such that it should not have been searched or seized.

An unlocked container such as a jewelry box may be searched and seized without a separate search warrant as long as the container is located within the area the police are validly searching, and the object being sought could fit within the container. United States v. Morris, 647 F.2d 568, 572–73 (5th Cir.

1981) (holding that a search warrant authorizing search of a residence for cash allowed agents to search a jewelry box); United States v. Ross, 456 U.S. 798, 823 (1982) ("[a] container that may conceal the object of a search authorized by a warrant may be opened immediately; the individual's interest in privacy must give way to the magistrate's official determination of probable cause."). Here, Defendants obtained a warrant to search for cocaine in Plaintiff's residence. (Dkt. # 2 at 3.) The jewelry box was located in the residence, and was obviously large enough to conceal cocaine. The Court finds that Plaintiff did not have a reasonable expectation of privacy in the jewelry box.

For these reasons, the Court finds that Defendants were entitled to search and seize the jewelry box, and granting Plaintiff leave to amend his complaint to include this allegation would be futile.

V.     Lack of Investigation as to Owner of Jewelry Box

Plaintiff last seeks to amend his complaint to include the argument that Defendants arrested him "without conducting any type of investigation to find out who owned the [jewelry] box." (Dkt. # 15 at 5.) Plaintiff appears to claim that Defendants should not have seized the jewelry box because it may not have belonged to Plaintiff, or that they were required to ask the other people present at Plaintiff's residence whether the box belonged to any of them.

11

The Fourth Amendment requires that "items to be seized [pursuant to a search warrant] be described with sufficient particularity so as to leave 'nothing . . . to the discretion of the officer executing the warrant." United States v. Allen, 625 F.3d 830, 834–35 (5th Cir. 2010) (quoting Marron v. United States, 275 U.S. 192, 196 (1927)).  In this case, according to Plaintiff, the warrant authorized Defendants to search his residence for a useable amount of cocaine.  (Dkt. # 7 at 5.)  The warrant did not limit Defendants to searching for cocaine or other items that incontrovertibly belonged to Plaintiff.  Furthermore, Plaintiff admits the jewelry box was found in his bedroom.  (Dkt. # 2 at 3.)  The Court finds that based on the terms of the search warrant and the location of the jewelry box, the Defendants were entitled to seize the jewelry box without conducting an impromptu investigation as to the true owner of the box.  Thus, allowing Plaintiff to amend his complaint to include this allegation would be futile.

CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Plaintiff's Motion for Leave to File an Amended Complaint.  (Dkt. # 15.)

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, December 8, 2014.

_____
David Alan Ezra
Senior United States Distict Judge