IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT JAMES WATSON, | § | CV NO. 5:13-CV-265-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| JOHN EDDIE FLORES and | § | |
| KRIS DESLATTE, | § | |
| | § | |
| Defendants. | § | |

_____

ORDER: DENYING PLAINTIFF'S MOTION FOR RELIEF FROM COURT'S
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN
<u>AMENDED COMPLAINT</u>

Before the Court is a Motion for Relief from Court's Order Denying Plaintiff's Motion to File an Amended Complaint ("Motion for Reconsideration"), (Dkt. # 18) filed by pro se Plaintiff Robert James Watson ("Plaintiff") pursuant to Federal Rule of Civil Procedure 60(b)(6). Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After reviewing the Motion, and for the reasons stated below, the Court **DENIES** Plaintiff's Motion.

## BACKGROUND[1]

In the underlying action, Plaintiff alleged that Defendant Kris Deslatte ("Deslatte"), an investigator for the Narcotics Division for the Guadalupe County Sherriff's Office under the supervision of Defendant John Eddie Flores ("Flores"), included false information in an affidavit for a warrant to search Plaintiff's residence. (Dkt. # 2 at 2–3.) He claims that Deslatte relied on false information that Plaintiff had been seen at Plaintiff's residence with a useable amount of cocaine within the past 48 hours. (Id.) Deslatte's search warrant affidavit stated the following:

> Affiant was provided with information from a Credible and Reliable Source (that for safety reasons will remain unnamed). The Credible Source has provided Affiant information in the past over four (4) times and each time the Source provided information, this information has led to the seizure of illegal narcotics. This Credible Source is familiar with Cocaine by sight, because this Credible Source has purchased Cocaine for Affiant in the past while working as a Credible Source.
>
> Affiant received information from this Credible Source stating that the Credible Source had seen Robert James Watson use a usable amount of Cocaine within the past 48 hours at Watsons' residence of 2310 Sherman Street, in the City of Seguin, Guadalupe County, Texas. Robert Watsons' criminal history shows that Watson was convicted of delivery of Cocaine in the past.

---

[1] Plaintiff filed his original complaint in this case on April 1, 2013. (Dkt. # 2.) On July 3, 2013, pursuant to an order issued by U.S. Magistrate Judge John W. Primomo, Plaintiff filed a supplemental complaint. (Dkt. # 7.) The Court here relies on factual allegations from both the original and the supplemental complaints.

(Dkt. # 8 at 5–6.)  Plaintiff claims that at the time Deslatte made the affidavit, he knew the "Credible Source," Melvin Bruns, was not in fact a credible source.  (Dkt. # 2 at 3.)  Plaintiff alleges that when Deslatte made the affidavit he knew Melvin Bruns "was an active criminal with a serious criminal background" and "was in violation of his second confidential enformant [sic] in violation of the code of conduct."  (Id.)

Based on Deslatte's affidavit, the magistrate judge issued a search warrant authorizing Defendants to search Plaintiff's residence for a useable amount of cocaine and implements or instruments used in the commission of the offense of delivery of a controlled substance.  (Id. at 5.)  Plaintiff alleges that Deslatte and Flores executed the warrant and that Deslatte located a jewelry box in Plaintiff's home with a stain on it that tested positive for cocaine.  (Dkt. # 2 at 3.)  According to Plaintiff, even though no cocaine was found and the warrant authorizing the search did not authorize his arrest, he was arrested on April 13, 2011 and booked into the Guadalupe County Jail for possession of less than a gram of cocaine and drug paraphernalia.  (Dkt. # 7 at 6.)

The search warrant return obtained from the Guadalupe County Clerk reflects that the officers seized a trace amount of cocaine, a portable digital scale, and a marijuana pipe with marijuana residue from Plaintiff's residence.  (Dkt. # 8 at 6.)  The cocaine charge was dismissed, and Plaintiff was never prosecuted for

3

possession of drug paraphernalia.  (Id.)  However, the Guadalupe County Clerk's records reflect that on August 15, 2011, Plaintiff was indicted for delivery of one to four grams of cocaine on or about April 12, 2011—one day prior to the execution of the search warrant.  (Id.)

        Plaintiff's Complaint first alleged that Defendants subjected him to an unreasonable search and seizure under the Fourth Amendment because Deslatte "deliberately and recklessly included false information in an affidavit in support of a search warrant" and because Flores approved Deslatte's actions, knowing the information was false.  (Dkt. # 2 at 5.)  Next, he asserted that Defendants subjected him to an unlawful arrest without probable cause or an arrest warrant, also in violation of the Fourth Amendment.  (Id.)  Finally, he contended that Defendants' actions caused him to be falsely imprisoned.  (Id. at 6.)  On July 10, 2013, in a detailed recommendation, United States Magistrate Judge John W. Primomo recommended the suit be dismissed sua sponte under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  (Dkt. # 8.)  On August 1, 2013, Plaintiff filed objections to the Memorandum.  (Dkt. # 13.)  On May 6, 2014, this Court overruled those objections, adopted Magistrate Judge Primomo's Memorandum and Recommendation, and dismissed Plaintiff's complaint without prejudice.  (Dkt. # 14.)  On December 8, 2014, this Court denied Plaintiff's Motion for Leave to File an Amended Complaint.  (Dkt. # 17.)  On January 5, 2015,

Plaintiff filed the instant Motion for Reconsideration of the Court's Order Denying his Motion for Leave to File an Amended Complaint.  (Dkt. # 18.)

LEGAL STANDARD

I.   Motion for Reconsideration Under Rule 60(b)

Federal Rule of Civil Procedure 60(b) states: "On motion and upon just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for . . . any [] reason that justifies relief."  Fed. R. Civ. P 60(b)(6).  The purpose of Rule 60(b) is to balance the inclination to uphold the finality of a judgment with the "command of the court's conscience that justice be done in light of all the facts."  Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. 1981) (quoting Bankers Mortgage Co. v. U.S., 423 F.2d 73, 77 (5th Cir. 1970)).  A Rule 60(b) motion is generally construed liberally.  Laguna Royalty Co. v. Marsh, 350 F.2d 817, 823 (5th Cir. 1965).  However, "[t]his is not to say that final judgments should be lightly reopened."  Seven Elves, 635 F.2d 401.  In order to prevail on a Rule 60(b)(6) motion, the movant "must show the initial judgment to have been manifestly unjust," and that his motion sets forth "exceptional" and "unique circumstances that cry out for reversal."  Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 357 (5th Cir. 1993).  To ensure that the balance is maintained between preserving the finality of a judgment with the interest in ensuring that justice be done, a ruling on a Rule 60(b) motion should show that the

5

full merits of the underlying cause had been fully examined.  See Seven Elves, 635 F.2d at 403.

II.     Leave to File Amended Complaint

The Fifth Circuit has explained that "when a district court dismisses the complaint, but does not terminate the action altogether, the plaintiff may amend under Rule 15(a) with permission of the district court." Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003) (citing Whitaker v. City of Hous., 963 F.2d 831, 835 (5th Cir. 1992)).  "A district court's dismissal of the complaint constitutes dismissal of the action when it states or clearly indicates that no amendment is possible—e.g., when the complaint is dismissed with prejudice or with express denial of leave to amend." Whitaker, 963 F.3d at 835.

Rule 15(a) of the Federal Rules of Civil Procedure provides that courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  Following the Supreme Court's guidance, the Fifth Circuit uses five factors in determining whether to grant a party leave to amend a complaint: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.  Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

An amendment is futile if it could not survive a motion to dismiss. Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P., 620 F.3d 465, 468 (5th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## DISCUSSION

In the instant Motion, Plaintiff asks the Court to reconsider its previous Order Denying Leave to Amend for three reasons. First, Plaintiff argues that the Court erred in failing to address the good faith exception to the probable cause requirement prior to the Court finding that the warrant was supported by probable cause. Concurrent to this argument, Plaintiff contends that the good faith exception does not apply in this case. (Dkt. # 18 at 3.) Second, Plaintiff claims that the Court improperly attributed allegations to him that were not in fact alleged in his Proposed Amended Complaint. (Id. at 7.) Third, Plaintiff alleges that the Court failed to address both his original claims and new claims in its Order Denying Leave to Amend. (Id. at 2.)

Plaintiff's causes of action have remained unchanged; he continues to maintain that his right to freedom from unreasonable search and seizure and freedom from unlawful arrest and false imprisonment were violated. (Id.) What

have changed in the various incarnations of Plaintiff's Complaint are the alleged reasons Plaintiff believes his rights were violated and the facts he provides to support his constitutional claims.  Plaintiff's assertions will be addressed individually below.

I.   Must a Good Faith Exception Evaluation be Conducted Before a Warrant is Examined for Probable Cause and Does a Good Faith Exception Apply?

      Plaintiff alleges that a good faith exception examination should have been conducted before the search warrant was deemed valid by this Court.  (Dkt. # 18 at 3.)  Plaintiff relies on United States v. Thomas, 7 F. Supp. 2d 836 (W.D. Tex. 1997) for his authority.  In Thomas, the court held that "[n]o finding that the warrant was invalid is necessary before the court examines the good faith issue."  United States v. Thomas, 7 F. Supp. 2d 836, 840 (W.D. Tex. 1997) (citing United States v. Maggitt, 778 F.2d 1029, 1033 (5th Cir. 1985)).  (Dkt. # 18 at 3.)  When a warrant is challenged for lack of probable cause, a two-part inquiry must be conducted into: (1) whether a good faith exception exists; and (2) whether the warrant was supported by probable cause.  United States v. Mitchell, 31 F.3d 271, 275 (5th Cir. 1994).  If a good faith exception exists, then probable cause need not be considered.  Id.

      In the interest of thoroughness, this Court considered both the question of probable cause and whether a good faith exception existed.  In the Order Denying Plaintiff's Motion for Leave to Amend (Dkt. # 17), this Court

determined that the search warrant was supported by probable cause based on Fifth Circuit precedent that found similar information contained in a supporting affidavit sufficient to provide probable cause. (Dkt. # 17 at 8) (citing United States v. McKnight, 953 F.3d 898, 904–05 (5th Cir. 1992)). Additionally, this Court determined that Defendants were entitled to rely on a good faith exception: in McKnight, the Fifth Circuit found that a similar affidavit entitled the officers to rely on a good faith exception because "it is impossible to argue that the warrant was facially invalid and that an officer's reliance on it could be unreasonable." Id. (Dkt. # 17 at 8.) In sum, this Court's order fully considered both prongs of the inquiry and the order in which they were addressed is of no consequence.

    Plaintiff also challenges the Court's determination that Defendants were entitled to rely on the good faith exception. (Dkt. # 18 at 4.) To challenge the applicability of a good faith exception, the Plaintiff must point out the specific portions of the affidavit that are claimed to be false. Franks v. Delaware, 438 U.S. 154, 171 (1978). Mere allegations of negligence or innocent mistake are insufficient to establish that the good faith exception will not apply. Id. Additionally, only the affiant's deliberate falsities or reckless disregard for the truth may be challenged, not those of an informant. Id.

    Plaintiff does not provide in his Motion any support for the allegation that Defendants acted with reckless disregard for the truth. His only claim is that

9

Defendants included in the warrant affidavit information from a credible source that the Plaintiff claims was false or misleading. (Dkt. # 18 at 3). However, an informant's actions or information is not subject to challenge. Franks, 438 U.S. at 171. Plaintiff merely makes conclusory statements that Bruns's criminal history makes him unreliable. (Dkt. # 15 at 7.) Additionally, Plaintiff claims that the information provided to the Magistrate, that Bruns personally observed cocaine in the Plaintiff's residence within the past 48 hours and that he was a credible and reliable source who had provided credible information in the past, was insufficient to establish probable cause. As this Court stated in its Order Denying Leave to Amend (Dkt. # 17), the Fifth Circuit has upheld a finding of probable cause based on information that an informant observed drugs in a particular location within the past 72 hours and that the informant had provided credible and reliable information in the past. (Dkt. # 17 at 8.) (citing United States v. McKnight, 953 F.3d 898, 904–05 (5th Cir. 1992)).

  This Court has fully addressed and analyzed Plaintiff's claims that the warrant in question lacked probable cause and that the officers were entitled to rely on a good faith exception. Plaintiff does not show that the Court's prior holdings are manifestly unjust or that unusual or exceptional circumstances are present to warrant the granting of a Rule 60(b)(6) Motion.

II.  Does the Order Denying Motion for Leave to Amend Address Claims Not Alleged by Plaintiff?

Plaintiff next argues that the Court's previous Order attributed claims to him that were not in fact included in his Proposed Amended Complaint. (Dkt. # 18 at 7.) When a court rules on a motion for leave to file an amended complaint, a key factor in that analysis is the futility of the amendment. Rosenzweig, 332 F.3d at 864. An amendment is futile if it could not survive a motion to dismiss. Rio Grande Royalty Co., 620 F.3d at 468. In his Motion for Leave to File an Amended Complaint, Plaintiff did not deviate from his claims that his rights to be free from unreasonable search and seizure as well as free from unlawful arrest and false imprisonment were violated. Instead, Plaintiff's Proposed Amended Complaint provided new factual bases supporting his claims. In its previous Order, the Court properly considered these new factual bases to determine whether they could carry Plaintiff's constitutional causes of action beyond the motion to dismiss stage. For the reasons the Court repeats below, it found that they could not.

In his Proposed Amended Complaint, Plaintiff asserts that his rights were violated for the following reasons: (1) the supporting affidavit fails to state any underlying circumstances that would show how the Defendants' source came to have personal knowledge about drugs at Plaintiff's residence (Dkt. # 15 at 3); (2) the supporting affidavit fails to allege any ongoing criminal activity at

11

Plaintiff's residence to show that Plaintiff would likely be in possession of cocaine (id.at 4.); (3) Plaintiff was not at home when the search warrant was executed and upon arrival was not allowed to enter the home while the search was ongoing (id. at 4–5); (4) the jewelry box which contained a stain that tested positive for cocaine was unlawfully seized because it was not an instrument or implement of a crime (id. at 5); and (5) Defendants arrested Plaintiff without conducting an investigation as to the true owner of the jewelry box (id.).

In a thoroughly written order, this Court denied Plaintiff's Motion for Leave to Amend because allowing the filing of a complaint based on the above-mentioned allegations was futile.  Precedent clearly supports the finding of probable cause when an affidavit claims the informant has personal knowledge of drugs in a defendant's possession within 72 hours and where that informant has provided reliable information in the past.  (Dkt. # 17 at 8) (citing United States v. McKnight, 953 F.3d 898 (5th Cir. 1992)).  Additionally, because Defendants could rely on a good faith exception, it does not matter that Defendants' affidavit does not set forth allegations of an ongoing criminal activity.  (Id. at 9) (citing United States v. Gallegos, 239 F. App'x. 890, 894 (5th Cir. 2007)).  The fact that Plaintiff was not present when the search warrant was executed does not call into question the validity of the search warrant.  (Dkt. # 17 at 10.)  Moreover, there is no precedent that requires an owner or occupant of the property to be searched be

present while the search is being conducted. (Id. at 9–10) (citing Payne v. United States, 508 F.2d 1391, 1394 (5th Cir. 1975) and United States v. Woods, 416 F. Supp. 2d 489, 496 (N.D. Miss. 2006)). Plaintiff's claim that the jewelry box was not covered by the search warrant is mistaken. As long as the box was unlocked and located in the area validly being searched, it was permissible for officers to search that container, provided that the item(s) being searched for could fit within that container. (Dkt. # 17 at 10) (citing United States v. Morris, 647 F.2d 568, 572–73 (5th Cir. 1981) and United States v. Ross, 456 U.S. 798, 823 (1982)). Finally, Plaintiff's claim that the Defendants did not investigate further into who owned the jewelry box was deemed futile because the warrant did not limit Defendants' search to only those items that "incontrovertibly belonged to Plaintiff." (Dkt. # 17 at 12.) (citing United States v. Allen, 625 F.3d 830, 834–35 (5th Cir. 2010)).

In each motion Plaintiff has filed, this Court has fully addressed and analyzed the constitutional claims that he maintains. Each ruling has been specific to the changing factual contentions in each of Plaintiff's motions. Still, Plaintiff fails to show that the Court's prior holdings are manifestly unjust or that unusual or exceptional circumstances are present to warrant the granting of a Rule 60(b)(6) Motion.

III.   Does Court Consider the Proposed "New Statement of Claim" or "Original Claim" in Plaintiff's Motion for Leave to File an Amended Complaint

Finally, Plaintiff argues that the Court has failed to address both his proposed "new statement of claim" and "original claim." (Dkt. # 18 at 2.) As explained above, Plaintiff's causes of action have not changed since the inception of this lawsuit: he maintains that his rights to freedom from unreasonable search and seizure and freedom from unlawful arrest and false imprisonment were violated. (Dkt. # 18 at 2.) Instead, the various iterations of Plaintiff's Complaint provide new factual assertions to support his original causes of action, and in each of its Orders, the Court has fully addressed the causes of action and the factual allegations contained in Plaintiff's pleadings. For the sake of thoroughness and clarity, the Court reiterates its analysis below.

A.   Plaintiff's Original Claim

In the Original Complaint (Dkt. # 2) Plaintiff alleges that the search warrant was issued without probable cause because Defendants included false information with a reckless disregard for the truth. (Id. at 2.) Both the Magistrate Judge's Report and Recommendation (Dkt. # 8) and this Court's Order Adopting the Report and Recommendation (Dkt. # 14) address Plaintiff's allegation. In the Magistrate's Report and Recommendation, the Magistrate Judge found that Plaintiff failed to show any untrue allegation contained in the supporting affidavit. (Dkt. # 8 at 10.) Furthermore, the Magistrate Judge found that Plaintiff only

14

claims that the informant's criminal history should have been included in the warrant affidavit and that there were not underlying circumstances provided in the affidavit. (Id.) The Magistrate Judge concluded that the search warrant was based on probable cause because an informant's criminal history is does not detract from the credibility and reliability of an informant and that the informant's personal knowledge and past reliability were sufficient to show probable cause. (Id. at 12.) Likewise, this Court found that Plaintiff's allegation that Defendants included false information with a reckless disregard for the truth was without merit. (Dkt. # 14 at 11.) Additionally, this Court addressed Plaintiff's contention that Defendants knew or should have known their informant's information was false. (Id. at 12.) Plaintiff alleged that because the informant was "on the run" from the police and had no contact with Defendants on the date the warrant was issued, there was no basis for the informant's knowledge of seeing Plaintiff with cocaine in the past forty-eight hours. (Id.) This Court found that it was possible that at any time within the past 48 hours Defendants' informant could have made known to them the presence of cocaine at Plaintiff's residence and therefore Plaintiff failed to show any falsity contained in the warrant affidavit. (Id.)

    B.    Plaintiff's "New Statement of Claim"

Plaintiff's new statement of claim alleges that his right to be free from unreasonable search and seizure as well as free from unlawful arrest and false

imprisonment were violated when the search warrant issued without probable cause and Plaintiff's resulting arrest was due to an unlawfully obtained search warrant.  (Dkt. # 18 at 2.)  As above, both this Court and the Magistrate Judge have addressed Plaintiff's allegations.  The Magistrate Judge found that Defendants' informant had personal knowledge of cocaine at Plaintiff's residence.  In fact, Plaintiff was convicted in a separate proceeding of delivering cocaine on April 12, 2011, a date within the 48-hour time period established by the informant.  (Dkt. # 8 at 11.)  That fact coupled with the informant's past history of providing accurate information to the police was sufficient to find probable cause.  (Id.)  This Court found for the same reasons as above that the warrant affidavit provided the necessary probable cause for a search warrant to issue.  (Dkt. # 14 at 9.)

Additionally, Plaintiff claims that this Court did not consider that his subsequent arrest was unlawful because there was no proof he had committed or was committing a crime.  (Dkt. # 18 at 2.)  Again, both this Court and the Magistrate Judge addressed Plaintiff's allegations in detail.  To prevail in this claim, Plaintiff must show that probable cause did not exist to arrest him.  (Dkt. # 8 at 12) (citing Club Retro, L.L.C. v. Hilton, 568 F.3d 181, 204 (5th Cir. 2009)).  The Magistrate Judge found that Plaintiff did not dispute that trace amounts of cocaine, a marijuana pipe with marijuana residue, and other drug paraphernalia were found in the course of executing the search warrant, thus providing the

probable cause necessary to arrest him.  (Id. at 13.)  This Court agreed with the Magistrate Judge and adopted his recommendation:  "Once the officers found the drug paraphernalia and trace amounts of cocaine, the officers had probable cause to arrest Watson.  As the Magistrate Judge points out, Watson does not deny the presence of cocaine, nor does he deny the possession of a marijuana pipe with marijuana residue."  (Dkt. # 14 at 13.)  In each Order, this Court has specifically addressed each allegation Plaintiff has asserted and has conducted a thorough and detailed analysis into all allegations made, and has continually concluded that in each, Plaintiff's claims fail.

In the instant Motion, Plaintiff asks that this Court reconsider Plaintiff's Motion for Leave to Amend under Rule 60(b)(6).  (Dkt. # 18.)  Although Plaintiff provides various arguments as to why the Court should grant the relief that he has requested, he has failed to demonstrate any manifestly unjust error of law or any exceptional or unique circumstances that require reversal and would warrant the granting of the instant motion.  Instead, he disputes the Court's findings on conclusory grounds that simply restate his arguments contained in both his original complaint, supplemental complaint, and proposed amended complaint.  Furthermore, Plaintiff has failed to show that the underlying claims of his original action were not sufficiently examined.  Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration.  (Dkt. # 18.)

## CONCLUSION

For the aforementioned reasons, the Court **DENIES** Plaintiff's Motion for Relief from Court's Order Denying Plaintiff's Motion for Leave to File an Amended Complaint (Dkt. # 18).

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, April 1, 2015.

_____
David Alan Ezra
Senior United States Distict Judge